Nott, J.,
delivered the opinion of the court:
The Supreme Court decided in William ClarWs Case (7 C. Cls. B., p. 24) that the officers of the Government have no right to hinder or interfere with a contractor in the prosecution of his work, even though he be in default and is seeking to perform after the expiration of the time fixed by his contract.
In the Amoskeag Company’s Case (9 id., 50) it was held that where the officers of the Government request alterations in contract-work which will involve delay, the Government is responsible for the natural consequences of the delay. In Garrison’s Case (7 id., 78) the Supreme Court likewise held that a subsequent alteration, indorsed upon the contract at the instance of the contracting-officer, was to be taken as an alteration made for the benefit of, and to be most strongly construed, if in doubtful terms, against, the Government.
In the case now before the court, the officers of the Government, for its supposed convenience or benefit, not only hindered the contractor, but absolutely suspended his work. The suspension was not authorized by the agreement, and was to all intents and purposes an alteration sought by the Government for its own purposes, and for which it is properly and legally liable. ,
In estimating the damages caused by this suspension of the work, both parties have gone, to a greater or less extent, upon the actual expenditures of the contractor to his subcontractors and workmen. We do not understand this to be the rule for measuring the damages in such cases. The Government is a stranger to the subcontractors and workmen, and is not interested in the amounts paid to them. If the contractor had paid to them three or four times as much as the necessities of his case required, the Government would not be liable for such excess; and if they had waived all claims upon the contractor, or compounded with him for a nominal consideration, his good fortune would not have enabled the Government to throw off its own liabilities. The instructions which should be given to a jury in such a case, we apprehend, would be not to inquire into the private or ex-parte transactions of this contractor, but to estimate the natural and inevitable losses caused to any contractor by such a suspension on such a building, taking *711 into consideration the condition of the work, the magnitude of the contract, the cost of labor and material, the remoteness of the situation, and any other element of loss which would affect any other party interfered with in like circumstances. A contractor in such a case is not bound to make out a bill of particulars, and if he were able to make out one, (which in such a case he never is,) it would not follow that he should recover the full amount thereof. A jury must take into consideration all the facts and circumstances of a case, and while excluding losses due to the negligence of the contractor, allow to him such damages as, with reasonable diligence and prudence on his part, would put him in the same situation at the end of the work that he would have been in if he had not been interfered with. On the one hand, the defendant in such a case is not required to pay more for the suspension which he has requested than it is reasonably worth ; on the other, he is bound to make the contractor whole.
The contract here was for about $70,000 worth of work; and the cost of the buildings, taking into the account the work which was to have been contributed by the Government, could not have been far from $75,000. It is manifest that the unexpected and total suspension of work upon such buildings in a remote place, where skilled labor was not to be had, and where the rate of wages and materials was very high, must have entailed on the contractor serious loss. Taking into consideration all the elements and circumstances of the case, we think the damages caused to the contractor must have been at least $5,000.
The judgment of the court is that the claimant recover of the defendants the sum of $5,000.
Richardson, J., was absent and took no part in the decision.